UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN SETTLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14-CV-1554-CDP |
|  | ) |  |
| NEIGHBORHOOD RENEWAL PARTNERS, LLC, | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kelvin Settle (registration no. 26754-044), an inmate at Duluth Federal Prison Camp, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.77. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0, and an average monthly balance of $58.87. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.77, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings this against defendant Neighborhood Renewal Partners, LLC, alleging that defendant violated Article 9 of the Uniform Commercial Code ("Article 9") by illegally modifying the deed of a parcel of real property owned by plaintiff, and committed the tort of

conversion by interfering with plaintiff's right to exercise dominion and control over the same real property.

Putting aside for a moment the fact that both Article 9 and the tort of conversion generally apply to personal property, as opposed to real property,[1] and the fact that plaintiff's action appears to be premised, in part, on his action in purportedly paying off a principal obligation on his mortgage of approximately $36,000 by mailing the lender a check for $470.79 and writing on the back of the check that it constituted payment in full, the Court notes that plaintiff has failed to state the jurisdictional grounds for filing this action in federal court. Plaintiff does not set forth any laws or constitutionally protected rights that defendant allegedly has violated. See 28 U.S.C. § 1331. Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the Court will dismiss the action, without prejudice, for lack of subject matter jurisdiction. The amount in controversy is unspecified,[2] and plaintiff has insufficiently alleged diversity of citizenship. See 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

---

[1] See 1A MoPrac § 25.2 ("Article 9 generally applies to any interest (regardless of its form) in personal property and fixtures, which is created by contract and secures the payment or other performance of an obligation."); White v. Fed. Home Loan Mortg. Corp., 2013 U.S. Dist. LEXIS 51119, at *9 (W.D. Mo. Feb. 12, 2013) (noting that "Article 9 . . . expressly states that it 'does not apply to . . . [t]he creation or transfer of an interest in or lien on real property.'") (quoting Mo. Rev. Stat. § 400.9-109(d)(11)); Columbia Mut. Ins. Co. v. Long, 258 S.W.3d 469, 476 (Mo. Ct. App. 2008) ("Missouri cases establish that the tort of conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.") (internal citation and quotation marks omitted).

[2] Plaintiff makes several references to a $1,000,000 lien on the parcel of real property. However, the documents which plaintiff submitted to evidence the lien refer to plaintiff as both the creditor and debtor, and are largely incomprehensible.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.77 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue because plaintiff has failed to plead a jurisdictional basis for this action. See Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Restrain Defendants and Any Related Third Party from 3504 Wyoming [ECF No. 3] is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of November, 2014.

/s/ Catherine D. Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE